2003 VT 69

### In re MAYO HEALTH CARE, INC.

[830 A.2d 129]

No. 02-326

¶ 1. July 22, 2003. Appellant Mayo Health Care, Inc. (Mayo) appeals from a trial court order granting summary judgment to the Agency of Human Services Division of Rate Setting (Division). Mayo is a licensed nursing facility in Northfield, Vermont that receives reimbursement from the state for care delivered to its Medicaid residents. This dispute arises out of efforts by Mayo to obtain a rate adjustment from the Division following a decision by the Division to disallow wages for unlicensed geriatric aides in calculating Medicaid reimbursement rates. Mayo contends that the trial court incorrectly construed the rules governing appeals from Division decisions to grant summary judgment in favor of the Division on procedural

grounds. Mayo also appeals from the denial of its summary judgment motion. Mayo claims that the Division's disallowance of the wages for geriatric aides (geriaides) was inconsistent with its prior rulings and should not have been enforced retroactively. We affirm.

¶ 2. This dispute centers around the appeals procedures laid out in the Vermont Division of Rate Setting Rules (V.D.R.S.R.), which govern the establishment of Medicaid payment rates for long-term care facilities. The rules provide several routes through which Medicaid providers are able to apply for a rate adjustment. We agree with the trial court that the correctness of the categorization of geriaide costs as indirect costs is not properly at issue herein because Mayo failed to raise the issue in the filings it made with the Division. This case started when Mayo filed an application for a rate adjustment pursuant to V.D.R.S.R. § 8.2.[1] Section 8.2 establishes that a nursing care provider can apply for a higher rate of reimbursement to cover "additional costs that are a necessary result of

---

[1] We recognize that before filing its request for consideration pursuant to V.D.R.S.R. § 8.2, Mayo had challenged the Division's treatment of its 1997 cost report through the appeals process established by V.D.R.S.R. § 15. Under § 15, the first step is to request an informal conference. *Id.* § 15.2. Mayo's request for a conference asserted, among other claims, that geriaide costs should not be classified as indirect. Mayo, however, dropped this argument in its request for reconsideration pursuant to § 15.3, and did not appeal the Division's final order of November 12, 1999. Subsequently, Mayo filed this application for a rate adjustment pursuant to V.D.R.S.R. § 8.2. The Division's denial of this application under § 8.2 was appealed to the trial court, decided on summary judgment, and is now presented to this Court.

complying with changes in applicable federal and state laws, and regulations, or the orders of a State agency that specifically requires an increase in staff or other expenditures." The Division's final order denied Mayo's application, and Mayo appealed to the superior court pursuant to 33 V.S.A. § 909(a)(2), granting nursing home facilities the right to a de novo appeal from a final order of the Division. The superior court ruled on the parties' cross-motions for summary judgment, denying Mayo's motion and rendering judgment for the Division.

¶ 3. This Court reviews a decision to grant summary judgment de novo. *Agency of Natural Res. v. United States Fire Ins. Co.*, 173 Vt. 302, 305, 796 A.2d 476, 478 (2001). Summary judgment is appropriate only when the record shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Bacon v. Lascelles*, 165 Vt. 214, 218, 678 A.2d 902, 905 (1996). In determining whether a genuine issue of material fact exists, all reasonable doubts and inferences are allowed to the nonmoving party. *Samplid Enters. v. First Vt. Bank*, 165 Vt. 22, 25, 676 A.2d 774, 776 (1996).

¶ 4. We agree with the trial court that as a matter of law Mayo does not meet the criteria for a rate adjustment pursuant to V.D.R.S.R. § 8.2. Section 8.2 allows for a rate adjustment where a change in law results in increased costs. Mayo argues that the recategorization of geriaide salaries as indirect, rather than direct, costs results in "additional costs" to it because direct costs are eligible for higher Medicaid reimbursement rates. The term "additional costs" as used in § 8.2 is defined in V.D.R.S.R. § 8.7(m) to mean "the incremental costs of providing resident care directly and proximately caused by [a change in the law]." While clearly the change in categorization resulted in decreased reimbursement for Mayo, the lower reimbursement rate in no way raised Mayo's cost of providing

services and does not qualify Mayo for rate adjustment under § 8.2.

¶ 5. In its arguments to the trial court and again to this Court, Mayo asserted that although it had not appealed the Division's treatment of its 1997 cost report and its reclassification of geriaides, we should treat this as an appeal from the denial of a motion to reopen the cost report. As the trial court found, and we affirm, Mayo's argument cannot succeed because no such motion to reopen the cost report was made herein.[2] Section 15.3(e) of V.D.R.S.R. prevents this Court from considering any issues concerning a cost report that Mayo may raise before the Division but failed to include in its appeal. V.D.R.S.R. § 15.3(e) ("Issues not raised in the Request for Reconsideration shall not be raised later in this proceeding or in any subsequent proceeding arising from the same action of the Division, including appeals pursuant to 33 V.S.A. § 909.").

¶ 6. Mayo asserts that V.D.R.S.R. § 3.5(b) provides a narrow exception to § 15.3's restrictions on the jurisdiction of courts reviewing Division decisions. Mayo construes § 3.5(b) to permit reexamination of an otherwise final cost report determination within three years for reasons delineated in the rule. Section 3.5 provides a mechanism for reopening when the reopening is mandated by "a determination by the Secretary or a court of competent jurisdiction that the determination is inconsistent with applicable law, regulations and rulings, or

_____

[2] Both parties' briefs assert that subsequent to the trial court's decision granting summary judgment to the Division that is appealed in this case Mayo made a written request for reopening of its 1997 cost report pursuant to V.D.R.S.R. § 3.5(c)(2). This request was still pending at the time of oral argument, and we express no opinion as to the merits of that case.

general instructions." V.D.R.S.R. § 3.5(b).

¶ 7. We reject Mayo's argument that V.D.R.S.R. § 3.5(b) grants a reviewing court unfettered jurisdiction to consider whether a particular Division determination is consistent with applicable law and therefore to require a reopening of a nursing home's cost report. The crux of Mayo's argument is that the trial court emphasized form over substance when it refused to consider any alternative grounds for relief outside § 8.2, the provision forming the basis for Mayo's written pleadings to the Division.

¶ 8. Mayo urges that the superior court had inherent jurisdiction to reach the issue of whether Mayo was entitled to relief under § 3.5(b). Such an approach, however, would upset the review procedures delineated in V.D.R.S.R. § 15, which prohibits review in subsequent proceedings of any issue that was not raised in the request for reconsideration. Id. § 15.3(e). Section 3.5(b) must also be read in conjunction with 33 V.S.A. § 909, which authorizes a nursing home to seek de novo review of a final order by the Division in the superior court. This allows for the development of a full record that might not have been prepared within the Division because various stages of appeal to the Division are not contested proceedings, with both sides presenting evidence, but rather consist of opportunities for Medicaid providers to petition the Division to amend its initial determination of their reimbursement rate. We will not interpret this provision for de novo appeal to derogate § 15.3(e)'s clear policy of not allowing issues that were not raised to the Division to be entertained by the court and 33 V.S.A. § 909's equally clear policy that a nursing home is entitled to appeal only from a final order of a Division.

¶ 9. Mayo's final argument on appeal is that retroactive enforcement of the Division's policy on reimbursing geriaide salaries only as indirect costs is contrary

to law. In presenting this claim, Mayo persists in its effort to obtain appellate review of a question that it has not properly raised before the Division. For the reasons discussed in ¶ 8 above, we will not consider this argument.

· *Affirmed.*